# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,
                Appellant,

      v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,
                Agency.

DOCKET NUMBERS
DE-3330-14-0236-I-1
DE-3330-14-0249-I-1
DE-3330-14-0261-I-1

DATE: March 26, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Robert E. Nerthling, II</u>, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2 As the parties are familiar with the facts of this case, we are only reciting the background facts necessary to frame and decide the issues presented by the appellant on review.  The appellant filed three separate VEOA appeals alleging that the Department of Health and Human Services (HHS), Centers for Disease Control and Prevention (CDC), violated his veterans' preference rights by failing to select him for the Public Health Advisor positions advertised under the following individual delegated examining announcements open to all United States citizens:  HHS-CDC-OD-14-1023700 (Vacancy ID 23700) (MSPB Docket No. DE-3330-14-0236-I-1 (0236)), HHS-CDC-D1-14-1019551 (Vacancy ID 19551) (MSPB Docket No. DE-3330-14-0249-I-1 (0249)), and HHS-CDC-D4-14-1034969 (Vacancy ID 34969) (MSPB Docket No. DE-3330-14-0261-I-1 (0261)).[2] 0236, Initial Appeal File (IAF), Tab 1; 0249, IAF, Tab 1; 0261, IAF, Tab 1.  The appeals were joined on June 10, 2014.  0236, IAF, Tab 13.  The administrative

---

[2] All three announcements were for two-year term appointments, none of which would confer career or career conditional status to an external candidate.  0236, Initial Appeal File (IAF), Tab 9 at 50; 0249, IAF, Tab 6 at 64; 0261, IAF, Tab 6 at 60.

judge found that the Board has jurisdiction over the joined VEOA appeals pursuant to 5 U.S.C. § 3330a(d). 0236, Tab 34, Initial Decision (ID) at 1.

¶3 The following facts are undisputed unless otherwise noted. The agency made no selection under Vacancy ID 19551 and Vacancy ID 34969, for which the appellant applied and was determined not qualified by the human resources specialists who reviewed his applications. 0249, IAF, Tab 6 at 27, 38, 43-62; 0261, IAF, Tab 6 at 27, 31, 35-58; 0236, IAF, Tab 27 at 28. Concurrently with Vacancy ID 23700, the agency issued Merit Promotion Announcement HHS-CDC-OM-14-1023648 (Vacancy ID 23648) for the same Public Health Advisor position in the CDC's Center for Global Health, Division of Global HIV/AIDS, and stated that applicants were required to apply separately for each announcement to be considered.[3] 0236, IAF, Tab 9 at 50, 58. The appellant only applied for the position under Vacancy ID 23700, and the human resources specialists determined that he was not qualified because he lacked the specialized experience required in the job announcement. *Id*. at 30, 32, 35. The agency made a selection using the internal merit promotion process under Vacancy ID 23648, for which the appellant did not apply, and returned unused the delegated examining certificates issued under Vacancy ID 23700. 0236, IAF, Tab 9 at 21, 24, 27, Tab 27 at 25.

¶4 The administrative judge ordered the appellant to provide evidence and argument to show the existence of a genuine dispute of material fact that warranted a hearing. 0236, IAF, Tab 22 at 2. The appellant responded by submitting documents related to recruitments in prior unrelated Board appeals. 0236, IAF, Tabs 28-30. The agency responded by submitting affidavits from human resources specialists swearing under penalty of perjury that they reviewed the appellant's application packages and determined, based on all of his paid and

---

[3] Under Vacancy ID 23700 and Vacancy ID 23648, the agency advertised one GS-15 Public Health Advisor position in each of the following locations: Abidjan, Cote D'Ivoire; Maputo, Mozambique; and Kampala, Uganda.[3] 0236, IAF, Tab 9 at 50, 58.

unpaid experience, that he lacked the 1 year of specialized experience required for the announced positions and that no selections were made from any of the delegated examining certificates relevant in this appeal.[4]  0236, IAF, Tab 27 at 25-37.

¶5    The administrative judge issued an order finding no dispute of material fact based on his review of the parties' submissions and allowed the parties an additional opportunity to supplement the record before it closed.  0236, IAF, Tab 31 at 1.  The appellant responded by arguing that he submitted evidence showing that the agency has a pattern and practice of violating the rights of veterans and that the agency's representative "lied to the Court" in a prior Board appeal.  0236, IAF, Tab 33.  He further argued that hearings were essential in his prior VEOA appeals and claimed that the administrative judge was biased.  *Id*.

¶6    Based on the written record the administrative judge denied the appellant's request for corrective action under VEOA, finding that preponderant evidence established that the agency did not improperly omit, overlook, or exclude a portion of the appellant's experiences or work history in assessing his qualifications and finding him not qualified under Vacancy ID 23700.  ID at 2, 4, 7.  The administrative judge further found that the agency submitted undisputed proof that the vacancies were either not filled or filled using the merit promotion process, under which the appellant did not apply, and did not violate his statutory or regulatory veterans' preference rights.  ID at 2, 4, 8-9.

¶7    The appellant has filed a petition for review reasserting the arguments he made on appeal in response to the order closing the record.  0236, Petition for Review (PFR) File, Tab 1; 0236, IAF, Tab 33.  The agency responded in

---

[4] The human resources specialist, who reviewed the appellant's application under Vacancy ID 23700, swore under penalty of perjury that the agency made selections internally, through the merit promotion process, for the positions in Cote D'Ivoire and Mozambique, leaving the position in Uganda unfilled.  0236, IAF, Tab 27 at 25.  She also swore that no selection was made under the concurrent delegated examining unit certificate.  *Id*.

opposition to the appellant's petition, and the appellant replied.  PFR File, Tabs 3-4.

¶8        The Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law.  *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007).  Under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not re-evaluate the weight the agency accorded these experiences in reaching its decision that the appellant was not qualified for a given position of employment.  *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 9 (2014).

¶9        Although the appellant alleges on review that the agency completely omitted qualifying information in violation of 5 U.S.C. § 3311, he fails to identify any specific experience or work history included in his applications, that the agency purportedly omitted in assessing whether he had the specialized experience required for the announced vacancies.  PFR File, Tab 1 at 8-10.  As previously noted, the agency submitted affidavits from the human resources specialists swearing under penalty of perjury that they adjudicated the appellant's 5-point veterans' preference, reviewed all of the documents in his application packages, and found that he lacked the required 1 year of specialized experience for the positions.  0236, IAF, Tab 27 at 22-37.  The human resources specialists also swore that they made no selections under the delegated examining certificates.  *Id.* at 25, 28, 30, 34, 37.  VEOA does not empower the Board to re-evaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position with the agency.  *Miller*, 121 M.S.P.R. 88, ¶ 12.  We find that the appellant had a full and fair opportunity to develop the record on the dispositive issues and to dispute the agency's evidence and, despite his arguments to the contrary, there is no genuine

dispute of material fact that would warrant a hearing. Moreover, the agency's decision to make no selections under the delegated examining announcements did not deny the appellant his opportunity to compete for the positions, or otherwise violate his rights under a statute or regulation relating to veterans' preference.[5] *See Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008). We agree with the administrative judge's finding that the agency did not violate the appellant's rights under VEOA with respect to the positions for which he applied.

¶10    As to the appellant's nonselection under Vacancy ID No. 23700, the agency submitted documentation showing that the agency filled the announced position from the certificate issued under the concurrent merit promotion vacancy announcement.[6]  0236, IAF, Tab 9 at 21, 24, 27, Tab 27 at 25. An agency that considers applicants under both competitive examination and merit promotion procedures may select a candidate under the merit promotion procedures. *See Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1383-84 (Fed. Cir. 2007). VEOA only gives the appellant the right to compete for vacant positions; the statute does not ensure that he will be successful. *See Abell v. Department of the Navy*, 343 F.3d 1378, 1383 (Fed. Cir. 2003). Accordingly, the agency's selection under the merit promotion announcement, for which the appellant did not apply, provides no basis for relief under VEOA.

---

[5] The Board denied the appellant's request for corrective action in a prior VEOA appeal, despite finding that the agency failed to afford him veterans' preference in the rating process, because the agency made no selection under the vacancy announcements and therefore he would not have been selected. *Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶ 14, *aff'd*, 544 F. App'x 976 (Fed. Cir. 2012). Consequently, the Board found no basis to find that the appellant suffered any harm as a result of the agency's error failing to afford him veterans' preference in the rating process for that position. *Id*.

[6] The appellant's argument that the agency's representative and the former Director of the Delegated Examining Unit falsely claimed that no selection was made under a vacancy announcement in a prior VEOA appeal does not create a dispute of material fact in this appeal. PFR File, Tab 1 at 11-14.

¶11     We have considered the appellant's remaining arguments on review, most of which pertain to the agency's actions in the appellant's prior VEOA appeals, and we find no basis for disturbing the initial decision. Although the appellant alleged that the administrative judge was biased because of a ruling he made in a prior VEOA appeal involving the appellant, the administrative judge's comments and actions in this appeal do not show "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Because the appellant offers no new and material evidence that was unavailable before the record closed, and he has not shown that the administrative judge erroneously interpreted a statute or regulation, we deny the petition for review. 5 C.F.R. § 1201.115(d).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____

                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.